PIÑERO ET AL., PLAINTIFFS AND APPELLANTS, *v.* RUIZ, DEFENDANT AND APPELLEE.

APPEAL from the Second District Court of San Juan in an Action of Revendication.

No. 3134.—Decided June 10, 1924.

REVENDICATION—PLEADING—PRESCRIPTION.—This was an action to recover a property alleged to have been consolidated into a larger one. *Held:* That the district court did not err in its judgment dismissing the complaint, because, the allegations therein contained being obscure and contradictory, the plaintiffs should have made them clear when given an opportunity, but did not do so, and because the complaint showed that the original predecessor of the defendant recorded the property in his name in 1880 and notwithstanding the fact that it was consolidated into a larger property, the result is that the revendicatory action that the plaintiffs might have had is barred and the defendant has acquired the ownership of the property by extraordinary prescription.

The facts are stated in the opinion.

*Messrs. Rincón & Vizcarrondo* for the appellants.

*Mr. F. Soto Gras* for the appellee.

MR. CHIEF JUSTICE DEL TORO delivered the opinion of the court.

This is an action for annulment of title, cancellation of its record in the registry and revendication of real property.

The complaint reads thus:

"First.—That Basilio Piñero Suárez, married to Polonia Estrella, both deceased, was the owner and possessor of the following property: (A property of 35 acres is described.)

"Second.—That the said property is recorded by title of inheritance executed in 1857 in favor of the said Basilio Piñero Suárez in the Registry of Property of San Juan (page 61 of volume 11 of Carolina, property number 520), only the first record appearing in the registry, and that according to the certificate of a surveyor the property has the following boundaries: (They are stated.)

"Third.—That the said property is a part of another property having a total of 270 acres known as 'Sabana Abajo' in the Municipality of Carolina, of which only 230.64 acres have been recorded, this being the area according to the registry and not 270 acres as shown by the titles.

"Fourth.—The plaintiffs now allege that the said property of 270 acres according to the titles and 230.64 acres according to the registry was originally recorded in the registry of property in the year 1880 in an unlawful manner, its title being void because it was recorded with the sole statement made in a nuncupative will by its original owner, Daniel Rodríguez y Arroyo, on February. 17, 1876, without presenting in the registry of property the acquisitive title of transfer required by the law, the ownership passing later to the heirs of the said ancestor, Daniel Rodríguez y Arroyo, and being in the possession of the heir Daniel Rodríguez Piñero, he transferred it in the year 1901 to the firm of Queipo & Sárraga, from whom it passed to several successive owners until it came into the hands of the defendant, José Ruiz Soler, who is at present in possession thereof. It always has appeared clearly from the registry that the property was composed of 230.64 acres.

"Fifth.—The plaintiffs also allege that the difference between 280 acres according to the registry and 270 according to the titles, which is a defect existing from the start, is exactly the area of the property of 35.60 acres that belonged to Basilio Piñero Suárez, the ancestor of the plaintiffs.

"And they, also allege that upon the death of Basilio Piñero Suárez about the year 1877 or 1878 the plaintiffs were minors and the property remained in the possession of Daniel Rodríguez Piñero, an heir of the person said to be the original owner, Daniel Rodríguez Arroyo, such possession being not as owner but as de-

positary or manager of the property, and he did not and could not transfer it to Queipo & Sárraga; yet when the sale was made to the said firm of Queipo & Sárraga they unlawfully took possession in 1901 of the said property of 35.60 acres without any title, and thereafter the possession has been successively transferred until it has come to the defendant, José Ruiz Soler.

"Sixth.—That the defendant, José Ruiz Soler, without any title or right, is and has been occupying the said property of 35.60 acres described in the first paragraph of this complaint and enjoying and appropriating the products thereof since November 1, 1917."

(From the seventh, eighth, ninth and tenth allegations it appears that plaintiff Justo Piñero is the son of Basilio Piñero Suárez, the original owner of the property claimed, and that the other plaintiffs, the heirs of Sabina Piñero, a daughter of Basilio, are her children José, Francisco and Esteban Rodríguez and her grandchildren Brígida Díaz and Carmen Martínez. Of the other six children left by Basilio two died without leaving descendants and four assigned their rights and interest in the estate to their brother, plaintiff Justo Piñero.)

"Eleventh.—That when defendant José Ruiz Soler acquired the said property it appeared clearly from the registry of property that his title was void and it appeared also that the said property of 35.60 acres was recorded in the name of Basilio Piñero, ancestor of the plaintiffs, prior to the acquisition by the defendant of the 230 acres that were recorded in his name, the record in the name of Basilio being so clear that it contained the survey of the property made by a surveyor and the defendant knew or should have known that this property was included in that which he had acquired and that his possession was unlawful and in bad faith.

"Twelfth.—The products that the property yielded or should have yielded during the six years that it has been in the unlawful possession of the defendant amount to $5,000."

The defendant pleaded that the complaint did not allege facts sufficient to constitute a cause of action for the following reasons:

"(*a*) That the complaint did not show the date of the record of the property that the plaintiffs seek to recover and it is not recorded in their names, but on the contrary it appears that the defendant and his predecessors are third persons.

"(b) That the plaintiffs claim the whole of the property in controversy and as appears from the tenth allegation the brothers and sister Matilde, Basilio, Emilio and Ignacio Piñero Estrella assigned to the plaintiff, Justo. Piñero Estrella, their rights and interests in the estate of their parents, but not the right that they acquired by intestate inheritance from their brothers José Asunción and Cruz Piñero Estrella, as alleged in the ninth count, and, therefore, the said interests are lacking in order that the plaintiffs may have the full title.

"(c) That both the ownership and the right of action to the property claimed have been lost by the plaintiffs, inasmuch as since 1877 or 1878 or since 1880 (fourth and fifth allegations) more than thirty years have elapsed, during which the defendant for himself and through his predecessors in interest has been in possession of the property sought to be revendicated. Therefore, we maintain that the action is barred in accordance with section 1864 of the Civil Code and also that the ownership has prescribed in favor of the defendant in accordance with section 1860 of the same code."

The demurrer was sustained on its last ground and ultimately the judgment appealed from was rendered as follows:

"The warrantor, Antonio Alvarez, demurred to the amended complaint on the grounds, among others, of failure to state a cause of action and that the action asserted is barred and the ownership of the property claimed has prescribed, in accordance with sections 1860 and 1864 of the Civil Code. On May 22, 1923, after the demurrer had been heard and submitted, it was sustained by the court because it appeared from the complaint that the defendant and his predecessors in interest had held the property claimed for more than thirty years and in accordance with the provisions of the above cited sections of the Civil Code the action of revendication has prescribed as well as the right of ownership of the plaintiff. The plaintiffs were given leave to amend the complaint within ten days, if they so desired. The time having expired and the plaintiffs having failed to amend the complaint, the warrantor moved for judgment according to the said ruling.

"Considering its ruling on the demurrer and the motion for judgment, the court dismisses the complaint with costs, disbursements and attorney's fees against the plaintiffs."

Let us examine the question of prescription involved. The facts of the case are stated in the complaint in such a confused manner that it is difficult to understand them.

It is true that in the fifth allegation it is stated that Daniel Rodríguez Arroyo, upon the death of Basilio Piñero, remained in possession of the property not as owner but as depositary, and that if this were the case the ownership could not prescribe in his favor; but it is also true that in the fourth allegation Daniel Rodríguez Arroyo is called *the original owner*. Besides, although several times attention is called to the difference between the area appearing in the *title* and that appearing in the *record,* the fact is that the record was made in 1880 by virtue of a title including the property sought to be recovered, and if this is so it is necessary to admit that since 1880 at least there was an ostensible public act on the part of the *original owner,* Rodríguez, acting as such and not as depositary, and from that time began to run the period of extraordinary prescription for acquisition of ownership (which does not require good faith or colorable title) and also the limitation period for the action of revendication, and inasmuch as more than the thirty years fixed by law have elapsed, it can not be held that the court erred in dismissing the complaint, especially as it was done after giving the plaintiffs an opportunity to amend, of which they did not avail themselves.

On the strength of such obscure and even contradictory allegations and conclusions it is not possible to divest of his apparent rights a possessor who acquired the property after successive transfers and by virtue of a title recorded in the registry more than forty years ago.

The judgment appealed from must be

*Affirmed.*

Justices Wolf, Aldrey, Hutchison and Franco Soto concurred.